Mary Louise KNUTSON,
Plaintiff-Respondent,

v.

Leo J. CHRISTESON, Eugenia A. Christeson, Donald E. Hanaford, Phyllis F. Hanaford, and Boonslick Savings & Loan Association, Defendants-Appellants.

No. 13441.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 13, 1984.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 4, 1985.

Application to Transfer Denied
Feb. 26, 1985.

William Icenogle, Icenogle & Icenogle, Camdenton, for plaintiff-respondent.

Gene A. Hilton, Hilton & Bennett, Camdenton, for defendants-appellants.

TITUS, Presiding Judge.

In this equitable action plaintiff seeks to have set aside as fraudulent or infected by fraud certain conveyances among the various defendants because of an alleged attempt by defendant Leo J. Christeson to thwart satisfaction of a money judgment obtained by plaintiff against him in 1977. The trial court found all issues in favor of plaintiff and against all defendants and decreed that the deeds in question be set aside and avoided as against the interest of plaintiff. From this judgment all defendants have appealed.

On April 19, 1977, in the Circuit Court of Camden County, Missouri, Case No. 5337, plaintiff secured default judgment against defendant Leo J. Christeson in the amount of $4,159.00. Defendant Leo Christeson was at that time the sole owner of Lots A and B in Leo's Tier Subdivision, having previously acquired each of these lots in his individual capacity via separate warranty deeds.

On August 14, 1980, plaintiff filed an application for *scire facias* to revive her 1977 judgment and concomitant lien, the latter of which had expired, per Rule 74.-35 [1], on April 19, 1980. A *scire facias* issued and was served upon defendant Leo Christeson on August 16, 1980. On August 21, 1980, defendant Leo Christeson and his wife, defendant Eugenia A. Christeson, executed a quitclaim deed conveying all of Lots A and B to themselves, as husband and wife. This deed was recorded August 25, 1980, and appears in Book 223 at Page 443, Office of the Recorder of Deeds, Camden County, Missouri. On September 19, 1980, the Circuit Court of Camden County sustained plaintiff's application for *scire facias* and an order reviving the judgment in Case No. 5337 was filed on October 7, 1980.

On November 5, 1980, defendants Christeson executed a general warranty deed conveying Lots A and B to defendants Donald E. and Phyllis F. Hanaford. This deed is recorded in Book 225 at Page 363 in the Camden County Recorder's Office. On the same day, November 5, 1980, defendants Hanaford executed a deed of trust conveying Lots A and B to defendant Boonslick Savings and Loan Association (Boonslick) to secure payment of a promissory note. This deed of trust is recorded in Book 107, Page 849, Camden County Recorder's Office. Prior to closing of the loan to defendants Hanaford and execution by them of the promissory note and deed of trust, defendant Boonslick received a title opinion in the form of a title commitment issued by Gene A. Hilton, as issuing agent for the Title Insurance Company of Minne-

---

**1.** Rule and statute references are to V.A.M.R. and V.A.M.S., respectively.

sota. Mr. Hilton has been attorney for defendant Leo Christeson at all times relevant herein. Sometime later in November, 1980, defendants Hanaford, by deed of trust recorded in Book 107, Page 982, Camden County Recorder's Office, conveyed Lots A and B to defendants Christeson to secure payment of a promissory note. Thereafter, on January 4, 1982, plaintiff filed the instant action.

Section 428.020 provides:

"Every conveyance or assignment in writing, or otherwise, of any estate or interest in lands, or in goods and chattels, or in things in action, or of any rents and profits issuing therefrom, and every charge upon lands, goods or things in action, or upon the rents and profits thereof, and every bond, suit, judgment, decree or execution, made or contrived with the intent to hinder, delay or defraud creditors of their lawful actions, damages, forfeitures, debts or demands, or to defraud or deceive those who shall purchase the same lands, tenements or hereditaments, or any rent, profit or commodity issuing out of them, shall be from henceforth deemed and taken, as against said creditors and purchasers, prior and subsequent, to be clearly and utterly void."

Section 428.070 provides:

"This chapter shall not extend to any estate or interest in any lands, tenements or hereditaments, goods or chattels, or any rents, profits or commons out of the same, which shall be upon valuable consideration, and bona fide and lawfully conveyed; nor shall it be construed to avoid any deed, as against any subsequent bona fide purchaser from the grantee for valuable consideration, and without any notice of fraud."

The trial court concluded that, as the August 21, 1980 quitclaim deed from defendants Christeson to themselves "was contrived and made with intent to defraud plaintiff as a creditor of defendant Leo J. Christeson," it was void per § 428.020. No issue is raised concerning this conclusion, though defendants Christeson are, at least nominally, among the appellants on this appeal.

Defendants' two points relied on both concern the trial court's determination that defendants Hanaford and Boonslick were not protected parties under § 428.070 and thus could not take Lots A and B free of the fraud perpetrated by their predecessors in title, defendants Christeson. The court concluded that defendants Hanaford and Boonslick had notice of the prior fraud because they had constructive notice of the following matters of public record at the time they acquired their respective interests:

1) The unsatisfied April 19, 1977, judgment for plaintiff and against defendant Leo Christeson in the amount of $4,159.00.

2) Plaintiff's application for *scire facias* to revive her April 19, 1977, judgment and lien, which application was filed August 16, 1980.

3) The quitclaim conveyance from defendant Leo Christeson and his wife to themselves as husband and wife, executed August 21, 1980, and recorded August 25, 1980.

4) The September 19, 1980, judgment of revival, filed October 7, 1980.

In their first point defendants Hanaford and Boonslick contend the trial court erred in overruling their joint motion for summary judgment because there was no genuine issue as to their being bona fide purchasers for value and without notice of fraud on the part of defendants Christeson. Plaintiff, as respondent on this appeal, appears to quarrel with this claim of error only to the extent it presupposes a belief that *constructive* notice of fraud is insufficient as a matter of law to foreclose asylum from that fraud.

We see no reason why the circumstances of this case warrant suspending application of the general rule that a grantee is charged with constructive notice of the contents of prior recorded instruments in his vendor's chain of title. § 442.390; *Fallin v. McClain,* 647 S.W.2d 208, 210

(Mo.App.1983); *Johnson v. Stull,* 303 S.W.2d 110, 117 (Mo.1957); *Brown v. Evans,* 182 S.W.2d 580, 582[2] (Mo.1944). If in a particular case those instruments may be said to convey such information as would apprise the grantee of fraud perpetrated by one of his predecessors in title or such information as would put a person of ordinary prudence on inquiry as to fraud, then that grantee should be regarded no differently than would a grantee charged with constructive notice of any encumbrance constituting a cloud on his title. It would indeed be anomalous to require that a purchaser be less vigilant as to matters of fraud than as to other, less "disruptive" title defects. Thus, without resorting to the facile conclusion that "without *any* notice of fraud" means just that, we hold that a subsequent purchaser must be without actual or constructive notice of fraud in order to qualify as a protected party under § 428.070.

In their second and final point, defendants initially concede for the sake of argument what we have just determined: that constructive as well as actual notice is embraced by the phrase "without any notice of fraud" in § 428.070. They nevertheless contend the trial court erred in concluding that their constructive notice of certain court records on file in the Circuit Court of Camden County and instruments on file in the Camden County Recorder's Office constituted constructive notice *of fraud.* For purposes of our discussion we distill this point into two analytically distinct questions: 1) Did defendants Hanaford and Boonslick have constructive notice of all those matters the trial court concluded they did? and 2) Did such information reveal fraud, either directly or by putting defendants Hanaford and Boonslick on inquiry, where such inquiry, if prosecuted with reasonable diligence, would have revealed fraud?

 It is clear that, inasmuch as a grantee is charged with constructive notice of prior recorded instruments in his vendor's chain of title, defendants Hanaford and Boonslick had constructive notice of the quitclaim deed from defendants Christeson to themselves. Such notice became effective as of August 25, 1980, when the deed was recorded. § 442.390; *Fallin,* supra; *Johnson,* supra.

 We reach like conclusions with respect to the 1977 default judgment against defendant Leo Christeson and the 1980 judgment of revival. The recording of a judgment, properly entered and docketed, is notice of what it contains or recites, as well as such facts as might be fairly inferred from its recital, and such record carries with it constructive notice of the facts therein expressly recited as well as such facts as might be fairly inferred from its recitals. *Inter-River Drainage Dist. of Missouri v. Henson,* 99 S.W.2d 865, 873[4] (Mo.App.1936). Further, regardless of the nature of the action or the judgment sought, where a statute provides that a judgment shall create and establish a lien on the real property of the judgment debtor, the judgment imparts notice of such lien. 92 C.J.S. Vendor and Purchaser § 329, at p. 240. Section 511.350.1 provides that "Judgments and decrees rendered by ... any circuit court ... shall be liens on the real estate of the person against whom they are rendered, situate in the county for which or in which the court is held."

Whether or not defendants Hanaford and Boonslick can be said to have had constructive notice of fraud depends, in our view, on whether or not they can be charged with notice that defendants Christeson executed the quitclaim deed to themselves in suspicious chronological proximity to their receiving service of the *scire facias.* As recounted, supra, plaintiff's application for *scire facias* to revive the judgment in Case No. 5337 was sustained on September 19, 1980, and the judgment of revival filed on October 7, 1980. That defendants Hanaford and Boonslick acquired their respective interests within one month of this latter event, of which we have already determined they can be charged with notice, was sufficient at least to have placed them upon inquiry as to the *bona fides* of antecedent links in their chain of title. Their obliga-

tion to inquire would reasonably extend to all matters of public record concerning Case No. 5337, including the docket entries reflecting when the original application for *scire facias* was filed and served upon defendants Christeson. These entries would have shown that defendants Christeson received service of the *scire facias* but five days prior to their execution of the quitclaim deed to themselves. We consider notice of this scenario tantamount to notice of fraud. Thus, defendants Hanaford and Boonslick cannot claim the protection of § 428.070.

The judgment is affirmed.

GREENE, J., concurs.

FLANIGAN, J., concurs in result only.