**In re Robert M. BURKE, Sr., Debtor.**

**Bankruptcy No. 88–00668–2.**

United States Bankruptcy Court, W.D. Missouri.

Dec. 11, 1992.

Max Jevinsky, Kansas City, MO

Bernard Levine, Kansas City, MO, for Tyrus Frerking.

Anthony L. Anderson, Clayton, MO, for America Mortg. Servicing, Inc.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Trustee has brought an action to find America's Mortgage Servicing, Inc., Anthony L. Anderson, and Tyrus L. Frerking in contempt of court for violation of the automatic stay and to assess compensatory and punitive damages for such violation. The act which trustee asserts violated the stay was defendants' foreclosure and sale of a house in which trustee claims an interest as estate property. America's Mortgage was the holder of the mortgage on the property; Mr. Anderson was their attorney who carried out the foreclosure sale; and Mr. Frerking purchased the property at the foreclosure sale.

### FACTS

Debtor Robert M. Burke filed a voluntary Chapter 13 petition in February of 1988. Due to Debtor's failure to make payments to the Chapter 13 Trustee in accordance with his approved plan, Debtor's bankruptcy was converted from Chapter 13 to Chapter 7 in October of 1988. In February of 1989, Debtor received his Chapter 7 discharge.

In May of 1988, during the period between the filing of his Chapter 13 case and the conversion to Chapter 7, Debtor received approximately $60,000 ($41,790 net after taxes) as a lump sum settlement of pension benefits from General Motors, his former employer. Debtor failed to report the receipt of this settlement to the trustee or the court. He used $26,900 of it as a

down payment towards the purchase of a house at 2301 Keystone Drive, Blue Springs, Missouri. Debtor had the house titled in the name of his wife, Darlene Burke.

Trustee filed an adversary action in February 1989 for turnover of property and revocation of Debtor's discharge. In May of 1989, this Court revoked Debtor's discharge and entered judgment against Debtor for $41,790 and against Darlene Burke for $26,900. In addition, this Court granted Trustee a lien against the Keystone Drive property in the amount of $26,900.

Debtor and his wife failed to make mortgage payments on the Keystone Drive property and the mortgage holder, Defendant America's Mortgage Servicing, Inc., caused the mortgage to be foreclosed and the property sold pursuant to the deed of trust on December 1, 1989. The price received at the sale was $31,925.04, only enough to cover the debt owed to America's Mortgage, the first mortgage holder. Thus, Trustee's lien remains unsatisfied. Tyrus L. Frerking is a local investor who purchases foreclosure properties on the courthouse steps. He was the successful bidder at the foreclosure sale.

Prior to the foreclosure, by letter dated August 10, 1989, addressed to Ms. Drew Stephenson at America's Mortgage, Trustee informed America's Mortgage of his claimed interest in the Keystone Drive property. As an additional effort to inform third parties of his claimed interest in the property, Trustee filed a Lis Pendens in Jackson County on April 4, 1989. The Lis Pendens identified the property by street address. It gave notice of Trustee's adversary action against Debtor and Darlene Burke and of the fact that Trustee sought to have a lien impressed upon that property in that adversary action.

## DISCUSSION

■ The $60,000 pension settlement which Debtor received became estate property upon its receipt by virtue of Bankrupt-

cy Code § 541(a)(1) and § 1306(a)(1). Section 541(a)(1) provides that "all legal or equitable interests of the debtor in property as of the commencement of the case" become estate property. 11 U.S.C. § 541(a)(1) (1988). Section 1306(a)(1) provides that "[p]roperty of the estate includes, in addition to the property specified in section 541 … all property of the kind specified in [§ 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed or converted to a case under chapter 7 …." 11 U.S.C. § 1306(a)(1) (1988). Because Debtor filed his petition under Chapter 13 and because the pension settlement was received after filing of the petition and before the conversion of the case, it became estate property. The home purchased with a portion of that settlement is proceeds from estate property to the extent of the estate property used for its purchase; and by virtue of § 541(a)(6), proceeds from estate property also become estate property. That was the basis upon which this court found in favor of Trustee on his Complaint for Turnover and Revocation of Discharge.

■ The automatic stay prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3) (1988). The stay, with respect to estate property, "continues until such property is no longer property of the estate." 11 U.S.C. § 362(c)(1) (1988). Thus the automatic stay was applicable to the Keystone Drive property upon its acquisition and continued without interruption notwithstanding the fact that Debtor received a discharge.[1] Therefor, the stay was in effect at the time Defendants carried out the foreclosure on the Keystone Drive property and Defendants violated the stay because their act of foreclosure was manifestly an act to exercise control over estate property.

■ "An individual injured by any willful violation of a stay provided by this

---

**1.** Debtor received a Chapter 7 discharge on February 9, 1989; the discharge was revoked on May 22, 1989.

section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h) (1988). A violation of the stay is willful if "the creditor acts deliberately with knowledge of the bankruptcy petition." *Knaus v. Concordia Lumber Co., Inc. (In re Knaus)*, 889 F.2d 773, 775 (8th Cir.1989). In the *Knaus* case, the 8th Circuit affirmed the lower courts' finding of a willful violation where the debtor had informed the creditor of the bankruptcy and requested turnover of estate property and the creditor refused that request. In this case, America's Mortgage was informed by a letter from Trustee that "American's [sic] Mortgage Servicing, Inc. cannot foreclose on this real estate without obtaining relief from the automatic stay imposed by Mr. Burke's bankruptcy." Thus America's Mortgage was fully informed of the bankruptcy proceeding nearly four months in advance of their foreclosure on the property. Under the Eighth Circuit standard, such behavior qualifies as willful and subjects the creditor to liability for damages.

As to Mr. Anderson, his liability depends upon a finding that his actions were taken in willful violation of the automatic stay. No evidence was introduced which showed that Mr. Anderson had actual knowledge of the bankruptcy either through his contacts with America's Mortgage or by contact with Trustee. But actual knowledge is not required in order for Mr. Anderson's conduct to be willful. If Mr. Anderson knew or should have known that his actions were substantially certain to violate the automatic stay, then his conduct was willful. *See In re Lile*, 103 B.R. 830, 837 (Bkrtcy.S.D.Tex.1989).

The Court believes that, with the exercise of normal diligence for an attorney regularly engaged in foreclosure actions, Mr. Anderson should have known of Mr. Burke's bankruptcy and of the close connection of the subject property to that bankruptcy proceeding. Two public records existed which directly connected the Burke bankruptcy to the Keystone Drive property.

The first document is the lis pendens filed by Trustee on April of 1989. Mr. Anderson argues that the filing was defective and that it was not effective under state law to affect title to the property or to give constructive notice. Regardless of the merits of those arguments, they are not relevant to the question at hand. The question is not the legal sufficiency of the lis pendens, but whether facts and circumstances existed which would alert a reasonably diligent attorney to the likelihood that a piece of property is part of a bankruptcy estate. Trustee's lis pendens was sufficient for that purpose. Regardless of the deficiencies in its form, it was recorded in the county land records, it did specifically describe the property, and it did specifically reference the bankruptcy adversary proceeding and Trustee's claimed interest in the property. As Mr. Anderson testified, a competent title search should have discovered the lis pendens. Prior to appointment to this bench, this author conducted an extensive foreclosure practice. Never was a property foreclosed before a title search was conducted. Mo.R.S. § 443.325, alone, requires such an exercise in order to determine who to notice as to the proposed foreclosure.

In addition to the lis pendens, there was a judgment entered in the adversary proceeding in May of 1989. That judgment was rendered in this bankruptcy court and established liability of both Debtor and Darlene Burke. In addition, the judgment impressed a lien in Trustee's favor on the Keystone Drive property. In Missouri, the entry of a judgment against an individual becomes a lien on all real property of that individual in the county where the judgment was rendered. Mo.Rev.Stat. § 511.350. The judgment was rendered in this federal court in Jackson County and the Keystone Drive property is situated in Jackson County. Therefore, even if the judgment itself did not specifically impress a lien on the property, the mere fact of a money judgment against the property's record owner establishes such a lien. Such judgment is a public record which clearly provides evidence of Trustee's interest in

the property and which should have been discovered by a competent title search.

The Court concludes that the above public records provide information which an attorney regularly engaged in the process of property foreclosure should have discovered in preparing for the foreclosure sale. Those documents clearly communicated Trustee's interest in the property such that Mr. Anderson should have known that his actions were taken in violation of the automatic stay. Mr. Anderson acted willfully in violation of § 362(a)(3) and is liable for damages under § 362(h).

■ As to Defendant Frerking, the Court finds that he too acted in willful violation of the automatic stay. No evidence was presented of his actual knowledge of the estate's interest in the property. Nonetheless, the recording of a judgment serves as notice of not only what it contains but of facts that may be fairly inferred from those contents. *Knutson v. Christeson*, 684 S.W.2d 549, 552 (Mo.Ct. App.1984). Therefore anyone who purchases subsequent to that recordation is deemed to purchase with notice. Mo.Rev. Stat. § 442.390 (1986). The judgment was entered in May of 1989 and the purchase was made in December of 1989. Under Missouri law, Mr. Frerking is deemed to have knowledge of not only the cloud on the title of the property but also of bankruptcy estate's interest in the property. On the face of the judgment, it is evident that it is a judgment rendered in a bankruptcy court and that the plaintiff who was awarded an interest in the property is a bankruptcy trustee. The fair inference to be drawn from those facts is that the property is subject the interest of a bankruptcy estate. Thus, Mr. Frerking's purchase of the property was a deliberate attempt to exercise control over estate property and he is deemed to have had notice of the bankruptcy estate's interest such that he should have known of that interest. Mr. Frerking is not an innocent consumer who purchased this property for a residence. He is an inveterate investor in distress properties and a regular buyer of foreclosure property. As such a higher standard of knowledge foreshadows his actions.

■ In "appropriate circumstances," under § 362(h) the Court may assess punitive damages in addition to actual damages. A finding of appropriate circumstances sufficient to support an award of punitive damages under § 362(h) requires "egregious, intentional misconduct on the violator's part." *United States v. Ketelsen (In re Ketelsen)*, 880 F.2d 990, 993 (8th Cir. 1989). The circumstances of the foreclosure in this case, while willful, do not rise to the level of egregious conduct, except on the part of America's Mortgage Servicing. The Court finds no liability for punitive damages under § 362(h) as to the other defendants.

■ Actions taken in violation of the automatic stay are void. *In re Raymark Industries, Inc.*, 973 F.2d 1125, 1131 (3d cir.1992) ("actions taken in violation of the automatic stay are void *ab initio*"); *In re Schwartz*, 954 F.2d 569, 571 (9th Cir.1992) ("Our decision today clarifies this area of law by making clear that violations of the automatic stay are void not voidable."); *Interstate Commerce Commission v. Holmes Transportation, Inc.* 931 F.2d 984, 987 (1st Cir.1991) ("Judicial actions and proceedings, as well as extrajudicial acts, in violation of the automatic stay are generally void and without legal effect."). Therefore, the foreclosure sale of the Keystone Drive property to Mr. Frerking is a nullity and without legal effect. Title did not pass to Mr. Frerking and Trustee's lien was not affected by the sale.

Because the purported sale was without legal effect, and Trustee's lien remains intact, Trustee has not been damaged by Defendants' action beyond the attorney fees expended to prosecute the instant action. The Court, therefore, assesses liability jointly and severally against all of the parties for the cost of this action in the amount of $1,000.00. The Court assesses punitive damages against America's Mortgage Servicing, Inc. in the amount of $3,000.00.

## CONCLUSION

In accordance with the above discussion, TRUSTEE'S MOTION IS GRANTED. The Court finding that Defendants America's Mortgage Servicing, Inc., Anthony Anderson, and Tyrus Frerking have willfully violated § 363(a)(3) of the Bankruptcy Code and concludes pursuant to § 363(h) are jointly and severally liable to Plaintiff Trustee for attorney fees in the amount of $1,000.00. The Court also concludes that punitive damages of $3,000.00 as to America's Mortgage Servicing, Inc. are appropriate. The purported sale of property at 2301 Keystone Drive, Blue Springs, Missouri, titled in the name of Darlene Burke is accordingly declared to be null and void. Defendant America's Mortgage Servicing Inc. is directed to refund the purchase price of $31,925.04 to Mr. Frerking. Trustee's lien of $26,900 in the property remains in full force and effect.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.