**In re JUST BRAKES CORPORATE SYSTEMS, INC., Debtor.**

**David A. SOSNE, Trustee, Plaintiff,**

v.

**REINERT & DUREE, P.C. n/k/a Reinert, Duree & Collins, P.C., Gary Robbins, Robbins & Associates, Inc., Estes & Estes, Inc., and James C. Landes, Defendants.**

**Bankruptcy No. 91–46618–172.**
**Adv. No. 92–4384–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Nov. 30, 1994.

Craig A. Smith, St. Louis, MO, for debtor-in-possession.

David M. Duree, Reinert & Duree, P.C., St. Louis, MO, for movants.

Ann R. Sachar, St. Louis, MO, for trustee/plaintiff.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

This Memorandum addresses the Trustee's Motion for Summary Judgment dated September 19, 1994, and the Defendants' Motion for Summary Judgment filed on October 6, 1994. The determinations and orders in this

matter are entered after a consideration of the record as a whole.

This Adversary Proceeding is based upon an Amended Complaint to Enforce the Stay and to Assess Damages for Willful Violation of the Automatic Stay, filed by the Chapter 7 Trustee on March 29, 1994. This Adversary Proceeding and a District Court Jury Trial Proceeding addressed different portions of a continuing series of activities involving the transfer of the Debtor's trademark.

On July 11, 1994, the Bankruptcy Court entered an Order that decided a number of contested pretrial requests that had been filed by the Trustee/Plaintiff and by the several Defendants in this Adversary Proceeding. In part, the Court determined that the Defendants had violated the automatic stay of Section 362 of Title 11 of the United States Code. For the purpose of considering these Motions for Summary Judgment, the Findings, Conclusions and Orders set out in the Order dated July 11, 1994 are incorporated and adopted herein as though fully set forth. An issue that could not be decided in the earlier pretrial matters was whether or not the Defendants' violation of the automatic stay was willful. This determination was deferred until after either a bench trial in the Bankruptcy Court on the Plaintiff's Amended Complaint, or upon some other mechanism as may be agreed upon by the parties. The parties have elected to submit the entire Adversary Proceeding and all unresolved issues to the Bankruptcy Court in the form of the Motions for Summary Judgment, without a further Court hearing or trial.

A brief review of the pertinent facts is helpful to this determination. On September 28, 1988, the Defendant, Reinert, Duree & Crane, P.C., on behalf of the other Defendants named in this Adversary Proceeding, recovered a judgment against the Debtor in the principal sum of $133,083.33 in the Circuit Court of St. Louis County, Missouri. On July 30, 1991, the Debtor filed a Petition for Reorganization under Chapter 11 of the Bankruptcy Code (the first bankruptcy case). This Petition was filed five minutes prior to a Sheriff's sale of the Debtor's trademark pursuant to an order entered by a nonbankruptcy court. The filing of the petition under Chapter 11 operated as a stay of all collection activity on prepetition debt, including the Defendants' judgment, pursuant to 11 U.S.C. § 362.

At the conclusion of a hearing on September 23, 1991, the Bankruptcy Court granted a motion filed on behalf of these Defendants, and dismissed the Chapter 11 case based upon a determination that further operations under Chapter 11 would result in a continuing loss to or diminution of the estate. A copy of the Court's written Order dated September 24, 1991 is attached hereto as Exhibit A. As part of the Findings and Conclusions in the first bankruptcy case, the Court determined that

> As of the commencement of this [Chapter 11] case, the Debtor held and continues to hold an interest in the trademark which is its claim for the avoidance of the prepetition [Chapter 11] assignment to [another corporate entity]. This claim is an asset of the [Chapter 11] bankruptcy estate.

*In re Just Brakes Corporate Systems, Inc.,* Case No. 91–44835–172, Motions A, C and D, Document No. 34, pp. 3–4, September 24, 1991. A copy of this Order was mailed to the parties who are Defendants in this Adversary Proceeding.

After dismissal of the first Bankruptcy case, the nonbankruptcy court directed that a sale of the Debtor's assets be conducted at 12:00 Noon on October 15, 1991, to satisfy the Defendants' judgment. The Debtor filed the Chapter 7 petition that commenced this case at 9:12 a.m. on October 15, 1991. A file-stamped copy of the voluntary petition was faxed to the Defendants' law firm prior to the 12:00 p.m. foreclosure on October 15, 1991. *Affidavit of Nathan S. Cohen, Attorney at Law, Exhibit C, Trustee's Memorandum in Support of his Motion for Summary Judgment, Document No. 46, filed September 19, 1994, Case No. 91–46618–172, pp. 1–2.* Other members of the Defendants' law firm were given oral notice of the commencement of the Bankruptcy case approximately fifty minutes after the Chapter 7 petition was filed. *Deposition of Robert West, Exhibit D, Trustee's Memorandum in Support of his Motion for Summary Judgment, Document No. 46, filed September 19, 1994, Case No. 91–46618–172, pp. 8–11, 13–15.*

The filing of the Chapter 7 petition operated as a stay of collection activity on prepetition debt.

The nonbankruptcy court ordered that the sale of the Debtor's assets was to go forward on the condition that the sale proceeds were to be held in escrow until the parties had exhausted their legal remedies contesting the validity of the October 15, 1991 sale, or until further order of court. *Exhibit E, Trustee's Memorandum in Support of his Motion for Summary Judgment, Document No. 46, filed September 19, 1994, Case No. 91–46618–172, p. 1.* The nonbankruptcy sale generated gross proceeds in the amount of $105,000.00.

On October 24, 1991, without having requested relief from the automatic stay, the Defendants sought and obtained a nonbankruptcy court order that directed the payout of the net sale proceeds to the Defendants. *Exhibits G and H, Trustee's Memorandum in Support of his Motion for Summary Judgment, Document No. 46, filed September 19, 1994, Case No. 91–46618–172.* A member of the law firm that is a Defendant here admitted that he had been aware of the Bankruptcy filing at some time prior to October 24, 1991. *Deposition of David M. Duree, July 22, 1994, Exhibit I Trustee's Memorandum in Support of his Motion for Summary Judgment, Document No. 46, filed September 19, 1994, Case No. 91–46618–172, p. 41.* The net amount of the sale proceeds received by the Defendants was $100,717.00.

On September 18, 1992, the Trustee commenced this Adversary Proceeding to enforce the automatic stay and for other relief. On July 11, 1994, the Bankruptcy Court sustained the Trustee's Motion for Summary Judgment in part, finding that in the Chapter 7 case, the Defendants had violated the automatic stay.

> The Defendants' postpetition actions with respect to the sale of the trademark and the interests therein of the Debtor and of the Bankruptcy estate, the collection of the proceeds, and the application of the proceeds to the prepetition debt were in violation of the automatic stay. *Sosne v. Reinert & Duree, et al.,* Adversary No. 92–4384–172 [1994 WL 416530], Order dated July 11, 1994, Document No. 41.

The issue of the willfulness of the Defendants' actions was passed for later determination, and has now been submitted to the Court as part of the Motions for Summary Judgment. For purposes of this determination, the Bankruptcy Court need not decide the questions presented in the Trustee's lawsuit to set aside and recover the transfers under Sections 547 or 548 of Title 11.

■ A violation of the automatic stay is willful if a creditor acts deliberately with knowledge of the Bankruptcy petition. *Knaus v. Concordia Lumber Co., Inc.,* 889 F.2d 773 (8th Cir.1989); *In re Burke,* 147 B.R. 955 (Bankr.W.D.Mo.1992). The Defendants in this case had actual knowledge of the commencement of this Chapter 7 case. The Defendants also knew that there had been a judicial determination that the Debtor had an interest in the trademark. Facts and circumstances existed at the commencement of this case which would alert an attorney to the conclusion that the trademark and the proceeds of the sale of the trademark were part of a bankruptcy estate, and that the estate held a claim as described in the Court's previous Order. *Burke,* 147 B.R. at 958.

The Bankruptcy Court finds and concludes that the Defendants' actions in violating the automatic stay of Section 362 were willful.

■ Actions taken in violation of the automatic stay are at least voidable. *In re Raymark Indus. Inc.,* 973 F.2d 1125, 1131 (3rd Cir.1992); *In re Schwartz,* 954 F.2d 569, 571 (9th Cir.1992); *Interstate Commerce Comm'n v. Holmes Transp., Inc.,* 931 F.2d 984, 987 (1st Cir.1991).

■ In this matter, the Trustee has requested a money judgment in the amount of $105,000.00 pursuant to 11 U.S.C. § 362(h) which permits an individual injured by any willful violation of a stay provided by Section 362 to recover actual damages and, in appropriate circumstances, punitive damages. This remedy is not available to a corporate entity. *See Johnston Environmental Corp. v. Knight,* 991 F.2d 613, 619 (9th Cir.1993); *In re Chateaugay Corp.,* 920 F.2d 183, 186 (2d Cir.1990); *In re U.S. Abatement Corp.,* 150 B.R. 381 (Bankr.E.D.La.1993); *In re Calstar, Inc.,* 159 B.R. 247 (Bankr.D.Minn. 1993). In this case, the Trustee is not acting in his individual capacity, but rather on behalf of the Bankruptcy estate of a corporate entity. Therefore, relief in the form of a

money judgment to an individual under Section 362(h) is not available to the Trustee.

 Nonetheless, an aggrieved entity is generally not without a remedy before a court of equity. Pursuant to 11 U.S.C. § 105(a), the Court may issue any order that is necessary or appropriate to carry out the provisions of Title 11. In the circumstances presented here, the Trustee, on behalf of the Bankruptcy estate, is entitled to a judgment against the Defendants based upon the Defendants' willful violation of the automatic stay. Compensation and punishment for willful violation of the automatic stay may also be awarded in a contempt proceeding; but such a proceeding is not the exclusive relief available to a trustee.

█ A Chapter 7 trustee is charged with the responsibility of liquidating the assets of a bankruptcy estate for the benefit of creditors. See 11 U.S.C. § 704. The Defendants' willful violation of the automatic stay has not only prevented the Trustee from liquidating the asset, but it has also required the Trustee to incur the additional expense of litigating these actions. Therefore, a money judgment in favor of the Trustee is necessary to carry out the provisions of Title 11.

An appropriate measure of the amount of the money judgment here is the value of the voidable transfer that resulted from the violation of the automatic stay. As a result of their postpetition collection activity in violation of the automatic stay, the Defendants received the amount of $100,717.00 (representing the gross sale proceeds less the Sheriff's commission). The Trustee, therefore, is entitled to a judgment against these Defendants in the amount of $100,717.00. See Calstar, 159 B.R. 247.

The Defendants have argued that creditors of the current bankruptcy estate include only the individuals who managed the entity against which the prepetition judgment was obtained, and the attorneys and other parties.[1] Thus, according to the Defendants, a money judgment in this Adversary Proceeding would ultimately transfer money to the parties who assisted the Debtor in committing the acts that were the basis for the

Defendants' judgment. However, these allegations may be presented as objections to the claims pursuant to 11 U.S.C. § 502, or by some other means, but are not ripe for a determination in this Adversary Proceeding.

 One of the most powerful protections available to a Chapter 7 Debtor is that afforded by the automatic stay of section 362. It is intended to temporarily suspend collection activity, and to allow the trustee to identify and liquidate assets of the estate. The proceeds of the liquidation are then to be distributed equitably to all holders of allowed claims, pro rata if necessary, according to the priorities established by the Bankruptcy Code. A violation of the automatic stay frustrates this scheme, disturbs the orderly distribution of assets, and in some instances forever removes an asset from administration by a bankruptcy trustee. The trustee has the obligation to attempt to reimpose the balance and impartiality that results from a willful violation of the stay.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, made applicable here by Rule 7056, Federal Rules of Bankruptcy Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. As presented here, there is no genuine issue as to any material fact, and the Plaintiff is entitled to a judgment as a matter of law.

As part of this Adversary Proceeding the Plaintiff had filed two motions for sanctions, arguing that he is entitled to recover attorneys' fees and costs incurred as a result of the Defendants refiling a jury demand and a motion to withdraw the reference; and fees and costs incurred in defending against the Defendants' motion for summary judgment, all after similar motions and requests had been denied by various courts. The number of requests, replies, memoranda and other documents that has been filed in these adversary proceedings has been large compared to similar proceedings in the bankruptcy court.

---

1. Although no claims bar date has been set, a review of the Court file has revealed that a proof of claim has been filed on behalf of each of the following creditors: IRS in the amount of $5,000.00; Southwestern Bell Yellow Pages in the amount of $24,244.12.

Some of the later requests and responses appear to duplicate or restate requests or responses that had been previously determined. Partially as a result of the uncertainty that continued to exist with respect to the extent of the Bankruptcy Court's jurisdiction prior to enactment of the Bankruptcy Reform Act of 1994, the Defendants' requests here generally did not insist upon a position after it was no longer tenable. Although many of the Defendants' arguments could have been presented more succinctly, and some should have been raised more promptly, it cannot be said that in defending their legal position, they acted in bad faith.

The unfortunate result of these actions is that the administration of a Chapter 7 case has been delayed and the expenses of administration have been increased. The overall consequence may be that little or no distribution will be available for general creditors. The Plaintiff's two motions for sanctions will be denied. The Plaintiff's Motion for Summary Judgment will be sustained and a money judgment will be entered against the Defendants.

EXHIBIT A

UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

In re

JUST BRAKES CORPORATE SYSTEMS, INC.,

Debtor.

Case No. 91–44835–172

**CHAPTER 11 PROCEEDING**
**MOTION FOR RELIEF**
**(MOTION A)**
**MOTION FOR SANCTIONS**
**(MOTION C)**
**MOTION TO DISMISS**
**(MOTION D)**

*ORDER*

At Saint Louis, in this District, this 24th day of September, 1991.

The trials of these three motions were conducted on September 23, 1991. By agreement of the parties, the trials were consolidated to the extent possible. At the conclusion of all the evidence and arguments of Counsel, the Court entered its determinations and orders from the bench.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)–(A) and (G). The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri. This is the Final Order of the Bankruptcy Court.

The Movants have requested that this Chapter 11 Reorganization case be dismissed as having been filed in bad faith, or that they be granted relief from the automatic stay, and that sanctions be imposed against Debtor's Counsel in connection with the alleged bad faith filing.

This case was commenced by the Debtor's filing a voluntary petition for reorganization on July 30, 1991. The Movants are listed the holders of an unsecured claim based upon a pre-petition judgment against the Debtor and other entities obtained on September 28, 1988. The judgment was based upon a non-bankruptcy lawsuit involving a dispute over certain royalty payments. On January 10, 1991, the Debtor executed an Assignment of Registration Of A Mark. The document assigned to FGR Management, Inc., "all right, title and interest in and to the said mark, together with the goodwill of the business symbolized by the mark, and the above-identified registration thereof." *(Movants' Exhibit A).* On the same date, the Debtor and FGR Management, Inc. entered into an Agreement to Transfer Trademark "Just Brakes". *(Movants' Exhibit B).* Notice of this assignment was given to the United States Patent and Trademark office on about February 4, 1991. *(Movants' Exhibit C).*

On July 16, 1991, in connection with a non-bankruptcy lawsuit to set aside the Debtor's

transfer of the trademark, the Movants obtained a permanent injunction against the Debtor and others, barring them from any transfer or assignment of the trademark, and directing that the trademark be sold by the St. Louis County Sheriff on July 30, 1991. This non-bankruptcy default judgment/injunction was subsequently set aside as to FGR Management, Inc., the assignee in the Debtor's assignment of January 10, 1991. The trial of the non-bankruptcy matter with respect to FGR Management, Inc. and its president is pending in the non-bankruptcy Court. The pre-bankruptcy motions of the Debtor to quash the non-bankruptcy orders and for a writ of prohibition were denied prior to the commencement of this case.

This Chapter 11 Petition was filed at 11:55 a.m., five minutes prior to the scheduled sale of the trademark which is the subject of this proceeding.

The Debtor's schedules list the following personal property: $101.64 in an account at Heritage National Bank; $296.12 in the Marine Bank of Springfield (Account Closed); Registered trademark—Just Brakes, $75,-000.00, subject to disputes; and a facsimile machine, $300.00. No creditors are listed as claiming to hold secured claims. The Debtor has listed sixteen holders of unsecured claims, eight of which appear to be either attorneys or insiders of the Debtor. These Movants have not claimed to be the holders of a lien or other security interest in the trademark prior to the commencement of this case. The amount owed by the Debtor to these Movants is in excess of $100,000.00.

This case is essentially a single asset reorganization case. The Debtor had no employees as of the commencement of this case. The record reflects that the Debtor has had no business activity during the pendency of this case other than the collection of a limited amount of royalties.

As of the commencement of this case, the Debtor held and continues to hold an interest in the trademark which is its claim for the avoidance of the pre-petition assignment to FGR Management, Inc. This claim is an asset of the Bankruptcy estate.

As of January 9, 1991, the Debtor–In–Possession held legal title to the trademark. As of July 30, 1991, the date of commencement of this case, legal title to the trademark was subject to the following considerations:

(A) A purported transfer to FGR Management, Inc., whose president is a shareholder and director of the Debtor;

(B) A pending Cancellation Proceeding No. 18,481 styled, JUST BRAKES CORPORATION (Petitioner) vs. JUST BRAKES CORPORATE SYSTEMS, INCORPORATED (Registrant);

(C) The permanent injunction and order of sale issued by the St. Louis County Circuit Court on July 16, 1991;

(D) The remaining proceedings before the St. Louis County Circuit Court involving in part a request to set aside the Debtor's assignment of the trademark.

Therefore, the value of the Debtor's interest in the trademark continues to be eroded by the expenses involved with the on-going litigation.

The Debtor's interest in the trademark is not necessary to the effective reorganization of the Debtor. In view of the anticipated protracted litigation described in this matter, there is no reasonable possibility that the Debtor will submit a feasible plan of reorganization within a reasonable period of time. Continuation of this Chapter 11 case will result in further losses and will be prejudicial to creditors.

A substantial amount of litigation has been conducted in the State Courts with respect to the issues that are likely to be presented in this reorganization case. It is possible that a result of the Movants' action for fraud will be the recovery of value for all creditors of the Debtor without the additional expense of the Chapter 11 proceeding. The Debtor can be afforded adequate remedies at law in the pending non-bankruptcy matters and in other non-bankruptcy courts.

There is no other basis in this record on which the Court may conclude that this petition for reorganization was filed in bad faith. Therefore,

IT IS ORDERED that these hearings are concluded; and that pursuant to 11 U.S.C. § 1112(b)(1), the Movants' Motion to Dismiss this Chapter 11 Case (**MOTION D**) is **GRANTED** based upon the continuing loss to or diminution of the estate and an absence of a reasonable likelihood of rehabilitation; and that the automatic stays of 11 U.S.C. § 362 are terminated; and that the Movants' requests for sanctions against Debtor's Counsel (**MOTION C**) are **DENIED**; and that the Movants' request for relief from the automatic stay (**MOTION A**) is **DENIED AS MOOT** in view of dismissal of this case.

/s/ James J. Barta
 James J. Barta
 U.S. Bankruptcy Judge

### ORDER

On consideration of the record as a whole, and consistent with the determinations set out in the Memorandum entered in this Adversary Proceeding

IT IS ORDERED that this matter is concluded; and that this Order is the Final Order of the Bankruptcy Court in this Adversary Proceeding; and

That the motion for summary judgment, dated April 15, 1994, on behalf of David A. Sosne, Trustee/Plaintiff ("Plaintiff") is sustained; and that the motion for summary judgment, filed on March 29, 1994, on behalf of Reinert & Duree, P.C. n/k/a Reinert, Duree & Collins, P.C., Gary Robbins, Robbins & Associates, Inc., Estes & Estes, Inc., and James C. Landes, ("Defendants") is overruled; and

That judgment on the Plaintiff's Amended Complaint is entered in favor of the Plaintiff and against the Defendants jointly and severally; and that as and for judgment in this matter, the Defendants are to pay to the Plaintiff the sum of $100,717.00, for the willful violation of the automatic stay, pursuant to Sections 105(a) and 362 of Title 11 of the United States Code; and that unless otherwise specifically ordered to the contrary, all other requests in this proceeding are denied; and that the Defendants' requests to withdraw the reference of this matter are deemed withdrawn.