Sara OUSLEY, Respondent,

v.

Kathy CASADA, Appellant.

No. 81218.

Supreme Court of Missouri,
En Banc.

Feb. 9, 1999.

Richard L. Schnake, Springfield, for Appellant.

David L. Smith, Branson, for Respondent.

PER CURIAM.[1]

Ousley sought declaratory judgment that she owned certain cattle, ejectment of Casada from certain real property, and damages of $3,950.00. Casada counterclaimed, seeking the cattle, five acres of the real property in dispute, and, if denied the five acres, the costs of improvements to it. Following non-jury trial, judgment was entered in favor of Ousley, awarding her possession of the real and personal property and a monetary award. Judgment also was entered for Ousley on Casada's counterclaim. Casada appeals. Affirmed in part, reversed in part, and remanded.

Review is under Rule 73.01(c). For interpretation of that rule, see *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990).

---

1. The appeal in this case was originally decided by the Court of Appeals, Southern District, in an opinion written by the Honorable James K. Prewitt. Following transfer to this Court, the court of appeals opinion, as modified, is adopted as the opinion of this Court.

"Due regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." *Rule 73.01(c)(2)*. No findings of facts were requested or made. "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." *Rule 73.01(a)(3)*.

Casada is Charles Ousley's daughter, born during a marriage previous to his marriage with Ousley. He died before this litigation commenced. Ousley is his widow. Casada asserts that the evidence established an oral agreement that she have the five acres and certain cattle. The parties differed as to conditions of the agreement.

Casada first contends that the judgment denying her the land and cattle is unsupported by the evidence or against the weight of the evidence in several particulars. An examination of the record convinces us that, legal issues aside, there were factual issues regarding the agreement that turned on credibility. Therefore, by deferring to the trial judge on credibility, under our limited review, there was no error as alleged.

For her second point, Casada contends the trial court erred in refusing to admit into evidence a photocopy of a document allegedly signed by her father indicating she was to have five acres and certain cattle. The property in question was acquired after the marriage of the Ousleys, and the real property and apparently the cattle in question were owned as tenants-by-the-entirety. Only Mr. Ousley signed the document offered. Ousley objected that it was hearsay and not an original document.

■ The trial court excluded the document on the basis that it was hearsay. Casada contends that "the document should not have been excluded as hearsay, in that [Casada] first testified with respect to the terms of the parties' agreement in her direct testimony in her case-in-chief, and her testimony rendered the document admissible under the dead man's statute," section 491.010.2, RSMo 1994. Decisions on the admission and exclusion of evidence that are correct will not be reversed because they are justified by the trial court for wrong or insufficient reasons.

*Sampson v. Missouri Pacific R. Co.*, 560 S.W.2d 573, 586 (Mo. banc 1978).

■ In this case, an insufficient foundation was presented to permit the evidence to be admitted. A photocopy as secondary evidence is admissible if there is a foundation showing that: "(1) the original is unavailable, (2) the unavailability is not the proponent's fault, and (3) the secondary evidence is trustworthy." *State v. Zimmerman*, 886 S.W.2d 684, 691 (Mo.App.1994). As Ousley asserts, no such foundation was presented. Moreover, as the document was not signed by both tenants-by-the-entirety, it had no binding effect. *See Weatherwax v. Redding*, 953 S.W.2d 162, 166 (Mo.App.1997); *Gifford v. Geosling*, 951 S.W.2d 641, 644 (Mo.App.1997). As no proper foundation was presented to admit the document and as the document had no legal effect, there was no error in excluding it.

Finally, Casada contends that the trial court erred in entering a monetary award as part of the judgment against her because she was a debtor in a bankruptcy proceeding, "and the Bankruptcy Court did not lift the automatic stay of 11 U.S.C. section 362(a) for the purpose of permitting [Ousley] to seek, or the trial court to award, a money judgment against [Casada]." This point has merit.

■ The bankruptcy court allowed the proceedings to continue as to the possession of the real and personal property involved, but it did not authorize proceeding toward a monetary judgment against Casada. Ousley claims the record indicates Casada waived all protection of the automatic stay, but she had no authority to do so. *See Noli v. C.I. R.*, 860 F.2d 1521, 1525 (9th Cir.1988); *In Re Cobb*, 88 B.R. 119, 120 (B.C.W.D.Tex.1988); 9A Am.Jur.2d, *Bankruptcy* section 1372 (1991). *See also In re Just Brakes Corporate Systems, Inc.*, 175 B.R. 288 (B.C.E.D.Mo. 1994) *reversed on other grounds*, 108 F.3d 881 (8th Cir.1997); *Badger Lumber Co. v. St. Louis–San Francisco Ry. Co.*, 338 Mo. 349, 89 S.W.2d 954, 955 (1935).

The judgment is affirmed except for the provision entering a monetary award against Casada. That portion of the judgment is

reversed, and the cause is remanded to the trial court for it to amend the judgment by deleting the portions awarding any monetary sums to Ousley from Casada.

All concur.